# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**QUAD/GRAPHICS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 15-0624**  (BOR Appeal No. 2050036)
(Claim No. 2015001462)

**IVAN A. MORAD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Quad/Graphics, Inc., by Jeffrey Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ivan A. Morad, by Christopher Wallace, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 28, 2015, in which the Board reversed a November 24, 2014, Order of the Workers' Compensation Office of Judges. The Board held Mr. Morad's claim for workers' compensation benefits compensable for a lumbar sprain/strain. Additionally, the Board remanded the claim to the claims administrator for further development of the evidentiary record concerning the issue of whether a herniated lumbar disc should also be added as a compensable component of Mr. Morad's claim. In its Order, the Office of Judges affirmed the claims administrator's July 29, 2014, decision rejecting Mr. Morad's claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Morad alleges that he injured his lower back on July 6, 2014, while attempting to move a manually operated crane with his hands. Following the alleged injury, Mr. Morad was transported via ambulance to the emergency department of University Healthcare's Berkley Medical Center where he was evaluated by Ronald Best, D.O. Dr. Best noted that Mr. Morad

1

was complaining of right-sided back pain that began while he was operating a crane in the course of his employment approximately one hour prior to his arrival in the emergency department. A CT scan of Mr. Morad's lumbar spine was performed and revealed high-grade canal stenosis secondary to a large disc protrusion at L4-5. Dr. Best diagnosed Mr. Morad with spinal stenosis and degenerative disc disease. Additionally, an Employee's and Physician's Report of Injury was completed on July 6, 2014. The physician's portion of the form indicates that Mr. Morad sustained a lumbar strain and a disc herniation as a result of an occupational injury.

On July 9, 2014, Mr. Morad sought treatment with Roberta Whetzel, FNP-BC, in Quad/Graphics's onsite healthcare facility. Ms. Whetzel indicated that Mr. Morad sustained a work-related injury on July 6, 2014, while he was simultaneously engaged in pulling and twisting motions. She diagnosed Mr. Morad with a herniated lumbar disc and a lumbar strain, and opined that the mechanism of injury is consistent with a herniated nucleus pulposus. Additionally, Ms. Whetzel opined that she is reasonably certain that Mr. Morad's injury occurred in the course of and resulting from his employment. However, on July 29, 2014, the claims administrator rejected Mr. Morad's application for workers' compensation benefits.

On October 22, 2014, April Gum, Quad/Graphics's safety leader, authored an affidavit. Ms. Gum stated that she is aware that Mr. Morad reported sustaining a work-related injury on July 6, 2014, and further stated that Mr. Morad alleges that he was injured when a crane he was operating malfunctioned. She then stated that the crane in question was inspected by two maintenance workers immediately following the alleged injury, and the crane was found to be fully functional.

On October 23, 2014, Jonathan Luchs, M.D., performed an "age of injury" analysis utilizing the results of the lumbar CT scan performed on July 6, 2014. Dr. Luchs opined that the CT scan revealed multilevel degenerative disc disease with facet arthropathy and thickening of the ligamentum flavum which is most prominent at L3-5, resulting in central canal stenosis. He further opined that all of the findings revealed via the lumbar CT scan are chronic in nature.

Finally, Dick Decker, P.E., authored an undated report detailing the findings of a safety evaluation he performed on October 22, 2014. Mr. Decker stated that he tested the manually operated crane used by Mr. Morad on July 6, 2014, and opined that it is highly unlikely that an able-bodied worker could injure his back performing the tasks he evaluated in a work area free of obstructions.

In its Order affirming the July 29, 2014, claims administrator's decision, the Office of Judges held that Mr. Morad did not sustain a compensable injury. In its Order dated May 28, 2015, the Board of Review reversed the Office of Judges' Order, held Mr. Morad's claim for workers' compensation benefits compensable for a lumbar sprain/strain, and remanded the claim to the claims administrator with instructions to further develop the evidentiary record in order to determine whether or not a herniated lumbar disc should be added as a compensable component of the claim. On appeal, Quad/Graphics, Inc., asserts that the evidence of record fails to establish that Mr. Morad sustained an injury in the course of and resulting from his employment.

The Office of Judges found that Dr. Luchs's "age of injury" analysis, in which he opined that Mr. Morad's condition is chronic in nature, is the most persuasive evidence of record. Additionally, the Office of Judges looked to Mr. Decker's safety evaluation in which he opined that it is highly unlikely that Mr. Morad injured himself while using the manually operated crane. Finally, the Office of Judges found that Mr. Morad's allegation that he injured himself as a result of an equipment malfunction is unpersuasive.

The Board of Review concluded that the Office of Judges' analysis and conclusions are clearly wrong in view of the entirety of the evidentiary record, and further determined that the substantial rights of Mr. Morad have been prejudiced. In its Order, the Board of Review relied upon Dr. Best's treatment notes in which he indicated that Mr. Morad sustained an occupational injury. Additionally, the Board of Review relied upon the treatment notes from Quad/Graphics's onsite healthcare facility in which Ms. Whetzel opined that she is reasonably certain that Mr. Morad's current condition was caused by a work-related injury. Finally, the Board of Review found that the record does not contain any evidence indicating that there were any witnesses to the incident who dispute Mr. Morad's contention that he injured his back while operating a crane. The Board of Review then concluded that the evidence of record demonstrates that Mr. Morad sustained a lumbar strain in the course of and resulting from his employment on July 6, 2014. However, the Board of Review noted that Mr. Morad requested that his claim be held compensable for both a lumbar strain and a herniated lumbar disc. The Board of Review then concluded that additional evidence is need to determine whether a herniated lumbar disc should be added as a compensable diagnosis and remanded the claim to the claims administrator for further development of the record concerning the compensability of the diagnosis of a herniated lumbar disc. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3